IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ELIAS DAMIAN,                  )
                               )
            Plaintiff,         )
                               )
vs.                            )    Case No. 06-1132-JTM
                               )
MICHAEL J. ASTRUE,[1]          )
Commissioner of                )
Social Security,               )
                               )
            Defendant.         )
_____)


RECOMMENDATION AND REPORT


This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties and has been referred to this court for a recommendation and report.

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be

---

[1]On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1

conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can

establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability. If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to

3

step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

Administrative law judge (ALJ) Melvin Werner issued his decision on August 16, 2005 (R. at 24-31).  At step one, the ALJ found that plaintiff had not performed substantial gainful

activity since his alleged onset date of April 26, 2001 (R. at 24, 25).  At step two, the ALJ found that plaintiff had the following severe impairments: shoulder separation and rotator cuff, and status post scope procedure (R. at 26).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 26-27).  After establishing plaintiff's RFC, the ALJ found at step four that plaintiff cannot perform past relevant work (R. at 28).  At step five, the ALJ found that plaintiff is capable of performing work that exists in significant numbers in the national economy and is therefore not disabled (R. at 29).

**I.  Did the ALJ err by not considering whether plaintiff was in a borderline situation justifying application of a grid which directs a finding of disability for persons age 45-49?**

At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  To meet this burden, the Commissioner may rely on the Medical-Vocational Guidelines (grids). 20 C.F.R. Part 404, Subpt. P, App. 2.  Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988).  The grids contain tables of rules which direct a determination of disabled or not disabled on the basis of a claimant's RFC category, age, education, and work experience.  Thompson, 987 F.2d at 1487.

20 C.F.R. Pt. 404, Subpt. P, App. 2 contains the following language:

> (h)(1) The term younger individual is used to denote an individual age 18 through 49. For individuals who are age 45-49, age is a less advantageous factor for making an adjustment to other work than for those who are age 18-44. Accordingly, a finding of "disabled" is warranted for individuals age 45-49 who:
>
> (I) Are restricted to sedentary work,
>
> (ii) Are unskilled or have no transferable skills,
>
> (iii) Have no past relevant work or can no longer perform past relevant work, and
>
> (iv) Are unable to communicate in English, or are able to speak and understand English but are unable to read or write in English.

20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(h) (2006 at 571-572).  Grid 201.17, in accordance with the above language, directs a finding of disabled for a person age 45-49 who is illiterate or unable to communicate in English and is unskilled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1 (2006 at 573).

The regulations also contain the following language:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. §§ 404.1563(b), 416.963(b) (2006 at 388, 955).

Plaintiff was born on January 21, 1961; the ALJ decision is dated August 16, 2005 (R. at 29, 31).  Therefore, plaintiff was 5 months and 5 days from his 45th birthday on the date of the ALJ decision.  The ALJ found that plaintiff was "unable to communicate in English and has no transferable skills from any past relevant work" (R. at 29).  The only jobs identified by the ALJ as jobs that plaintiff could perform were sedentary unskilled jobs (R. at 29).  The ALJ had limited plaintiff to lifting 10 pounds (R. at 28).  Sedentary work involves lifting no more than 10 pounds.  20 C.F.R. § 404.1567(a) (2006 at 391).  The ALJ had made a finding that plaintiff could not perform past relevant work (R. at 28).  Furthermore, the ALJ used the framework of Rule 201.23 in making his decision (R. at 29).  Rule 201.23 is in Table 1, which is for a person limited to sedentary work, and Rule 201.23 is for a person age 18-44 who is unable to communicate in English and who is unskilled.  20 C.F.R. Pt. 404, Subpt. P, App. 2 (2006 at 572-573).  Had plaintiff been age 45 at the time of the ALJ decision, Rule 201.17 and the language of 201.00(h)(1) indicate a finding of disability would have been warranted because plaintiff was restricted to sedentary work, is unskilled, can no longer perform past relevant work, and is unable to communicate in English.

Plaintiff argues that the ALJ was required to make a determination of whether plaintiff, because of his age at the

7

time of the decision, falls within a borderline situation.  The ALJ did not address this issue in his decision.  In the case of Daniels v. Apfel, 154 F.3d 1129, 1134 n.5 (10th Cir. 1998), the court held as follows in an opinion written by Senior District Judge Brown:

> The ALJ never addressed the issue of whether Mr. Daniels fell within the borderline or whether he should be considered in the next age bracket. Determining whether a claimant falls within a borderline situation appears to be a factual rather than discretionary matter, and the ALJ erred by not making the necessary factual finding. [citation omitted] Even were this considered a discretionary matter, the ALJ would have abused that discretion by failing to exercise it. [citation omitted]

In the case of Cox v. Apfel, 166 F.3d 346 (table), 1998 WL 864118 at *4 (10th Cir. Dec. 14, 1998), plaintiff was within 6 months of the next age category.  The court held:

> Finally, because plaintiff was within six months of the next age category, that is, advanced age, at the time the ALJ issued his decision, he erred by not addressing whether plaintiff was of borderline age before choosing a rule from the grids. See 20 C.F.R. §§ 404.1563(a), 416.963(a) (both stating: "[W]e will not apply these age categories [in the grids] mechanically in a borderline situation.")

     In the case presently before the court (Damian), plaintiff was just over 5 months short of his 45th birthday at the time of the ALJ decision.  Based on Daniels and Cox, it is clear that the ALJ erred by not making the necessary factual finding of whether

8

plaintiff falls within a borderline situation since he was just over 5 months short of his 45th birthday at the time of the ALJ decision.  Therefore, the case shall be remanded in order for the ALJ to make the necessary factual finding on whether plaintiff falls within a borderline situation, and if so, whether he should be considered in the next age bracket.  Like any factual issue, a finding regarding the appropriate age category in which to place a claimant must be supported by substantial evidence.  Daniels, 154 F.3d at 1136.

**II.  Did the ALJ err by relying on vocational expert testimony that varied from the Dictionary of Occupational Titles (DOT)?**

SSR 00-4p states that before relying on VE evidence to support a disability determination or decision, an ALJ must identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by vocational experts and information in the DOT (including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO)) and explain in the decision how any conflict that has been identified was resolved. 2000 WL 1898704 at *1.  In making disability determinations, defendant will rely primarily on the DOT for information about the requirements of work.  Occupational evidence provided by a VE should be consistent with the occupational information supplied by the DOT.  When there is an apparent unresolved conflict

between the VE evidence and the DOT, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE evidence to support a decision about whether a claimant is disabled.  At the hearing level, as part of the ALJ's duty to fully develop the record, the ALJ will inquire, on the record, as to whether or not there is such consistency.  If a conflict exists, the ALJ must resolve the conflict by determining if the explanation given by the VE is reasonable and provides a basis for relying on the VE testimony rather than on the DOT information.  2000 WL 1898704 at *2.

Plaintiff points out that both jobs identified by the vocational expert (VE) and found by the ALJ to be jobs that plaintiff could perform require frequent reaching.[2]  However, the ALJ's RFC findings for the plaintiff limited him to: (1) an inability to perform repetitive overhead handling (gross manipulation) and (2) an inability to perform extended reaching with an upper extremity (R. at 28).  In his hypothetical question to the VE, the ALJ framed the limitation somewhat differently, stating that plaintiff was limited to: (1) occasional manual

---

[2]The two jobs identified by the VE and found by the ALJ as jobs that plaintiff could perform were the jobs of document preparer and final assembler (R. at 29, 479).  According to the <u>Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles</u> (SCO), both jobs require frequent reaching.  SCO at 283, 343.  Frequent is defined as an activity or condition which exists from 1/3 to 2/3 of the time. SCO at C-3.

reaching over his head and (2) against extended reaching with the left arm in any plane (R. at 478).[3] Plaintiff contends that the RFC limitations set forth by the ALJ conflict with the DOT requirements for the two jobs which include frequent reaching.

Because this case is being remanded for the reason set forth above, there is no need to rule at this time on whether there was a conflict between the VE's testimony and the DOT requiring the ALJ to elicit a reasonable explanation for the conflict before relying on the VE testimony that plaintiff can perform the jobs identified by the VE.  Furthermore, should the case, on remand, proceed to step five, the ALJ and plaintiff's counsel will be able to elicit from the VE an explanation for this alleged conflict or any conflict which may exist between the VE's testimony and the DOT.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the

---

[3] Testimony elicited by hypothetical questions must relate with precision all of a claimant's impairments.  Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991).

recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on March 7, 2007.

                                      s/John Thomas Reid
                                      JOHN THOMAS REID
                                      United States Magistrate Judge